BORKENHAGEN, Appellant, vs. PASCHEN, Respondent.

*September 18 — October 9, 1888.*

*Estoppel: Pleading: Evidence.*

In replevin, the question being whether the plaintiff or her husband was the owner of goods which had been seized on an execution against the latter, evidence tending to show that the husband was the owner, though admitted without objection, is *held* not to be available to show that the plaintiff is estopped to deny such owner-ship in her husband, where no estoppel was pleaded.

APPEAL from the Circuit Court for *Milwaukee* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears in the record that the plaintiff, or her husband, Joseph Borkenhagen, had a grocery store and saloon in connection therewith in Milwaukee; that the sign was "J. Borkenhagen;" that the license for the saloon was in the name of the husband; that some time prior to May, 1886, William Jungbluth sold to the husband a small bill of coffee, and delivered the same at said grocery store; that, on failure to pay, Jungbluth sued the husband in justice's court, and obtained judgment therefor, and issued execution thereon to this defendant, as sheriff, who, May 4, 1886, lev-

ied upon and seized upon said execution one barrel of whisky and a quantity of flour in said store as the property of said husband, and removed the same therefrom. Thereupon the plaintiff brought this action of replevin in justice's court for the property so taken. The defendant justified under said judgment and execution. Upon the trial the plaintiff recovered, whereupon the defendant appealed to the county court, from which the venue was changed to the circuit court, and upon the last trial in that court the jury found for the defendant, and to the effect that he was entitled to the goods so seized and the possession thereof; that the value of the same was $93.45. From the judgment entered accordingly the plaintiff appeals.

For the appellant there was a brief by *Rogers & Mann*, and oral argument by *C. D. Mann*.

For the respondent the cause was submitted on the brief of *Chas. M. Bice.*

CASSODAY, J. The plaintiff brings this action to recover property taken by the defendant, as sheriff, on an execution against her husband. If the property at the time of seizure belonged to the husband, then it was subject to the levy. If, on the other hand, it was the property of the wife, then the plaintiff ought to recover. Whether it belonged to the one or the other was a question, under the evidence, for the jury. That question was submitted to the jury. The court also submitted to the jury the question whether the judgment creditor was induced by anything said or done by the plaintiff to make the sale of the coffee to her husband, as the owner or proprietor of the store. There was testimony on the part of the defendant to the effect that one Baumann, agent of the judgment creditor, applied to the husband to take an order for the coffee; that he sent him to his wife to ascertain whether any was wanted in the store; that she gave him an order and di-

rected him to charge the amount to her husband. What she said and did at the time was admissible as tending to prove that the business at the store was conducted by, and the goods therein belonged to, the husband. In view of that evidence, the court charged the jury that "If, from the conversation that took place at that time, by her language or her acts, it amounted to a representation on her part, made by her with the intention of influencing this man Baumann to make the sale upon the idea or impression produced by those statements, that Joseph Borkenhagen was the owner of the stock, or if, from what transpired at that time, he would so reasonably believe, and the statement would therefore influence him to make the sale to Joseph Borkenhagen, as the proprietor of the store, then, in that case, if you should so find that Baumann in consequence of any acts or representations or statements made by *Mrs. Borkenhagen*, under the belief that Joseph Borkenhagen was the owner of the stock, sold the stock to him and gave him credit for it, *then she would be estopped to deny that fact*, because it would be through her act that the credit was obtained; and *if you should so find, then your verdict should be for the defendant*."

This was clearly error. We find no evidence of anything said or done by the plaintiff at the time of ordering the coffee sufficient to estop her from reclaiming the whisky and flour. Especially is this so where, as here, no estoppel has been pleaded. *Warder v. Baldwin*, 51 Wis. 459. True, that evidence was admitted without objection. But such admission of evidence upon the issue made did not make it available upon the subject of estoppel which had not been pleaded and hence was not in issue.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.